## Pyle et al. v. Beaty et al.

(Decided June 17, 1932.)

E. BERTRAM for appellants.

J M. KENNEDY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Reversing.

The plaintiffs, now appellees, brought this suit against the appellants, defendants below, to recover the value of timber cut by the appellants from a certain tract of land in Wayne county which the appellees claimed to own. On a trial before a jury, the appellees recovered a verdict for $2,998, and, from the judgment entered on that verdict, this appeal is prosecuted.

The land from which the trees in question were cut is claimed by the appellees as heirs at law of Jehu Beaty and D. T. Beaty who procured a patent for the land in question from the commonwealth of Kentucky in 1907. At the time of the alleged trespass which caused this suit, the appellants were cutting timber in Wayne county by virtue of a purchase of the timber on land covered by two Henry Helm patents, one for 400 acres of date December 19, 1855, and the other for 100 acres of date July 1, 1847. The appellants also claimed to have the right to cut the timber under a number of patents granted to P. W. Hardin in the year 1871, but, as we shall presently note, these Hardin patents soon disappeared from this case. The main question presented in this controversy is whether the Beaty patent, admittedly inferior in time to the two Helm patents and the Hardin patents, is included in whole or in part in any of these older patents, for, if it is, the older patent prevails, and the appellees have no cause of action. As stated, the jury found that the Beaty patent was not included or covered by the older patents, and that is the first question on this appeal we have to determine, inasmuch as appellants insist that such finding is not supported by any evidence or, at least, is flagrantly against the evidence. The Hardin patents may be at once dismissed from consideration inasmuch as no one in the record undertakes to state where they are located and there is no proof whatever that the land of the Beaty patent is included in any of the Hardin patents. Coming now to the two Helm patents, we find that the evidence greatly preponderated in favor of the appellees to the effect that the Beaty patent, save as to 8 or 9 acres, was not covered by the Helm 400-acre patent. As to the 8 or 9 acres, the appellees admitting the lap specifically stated that none of the trees for which they sought compensation was cut from it. There is no room for argument that as to the 400-

acre patent appellants were not entitled to a peremptory instruction, and it cannot be said that the verdict of the jury that the Beaty patent was not included in the Helm 400-acre patent, save as to the small overlap, which is really not in controversy, was not supported by the evidence as disclosed in this record. However, a different question presents itself as to the Helm 100-acre patent. Of the witnesses for the appellees, the plaintiff P. A. Beaty, a son and grandson of D. T. Beaty and Jehu Beaty, respectively, testified that after the timber had been cut from this land he employed a surveyor to survey the Beaty patent who was assisted by Mr. Brents, another surveyor. The latter, after the death of the employed surveyor, finished the survey. P. A. Beaty admitted in his testimony that he never saw the Helm lands located, and that he did not know the location of the lands of either of these tracts, but he stated that he helped his surveyors to run a call in the Helm 400-acre patent starting from Slippery Rock, and that from the running of that call he was of the opinion that the Helm 400-acre patent did not, save to the extent of an overlap of 8 or 10 acres, cover the Beaty tract. He admitted that in the Beaty tract there was evidence of an old field and the remains of an old house, both of which were now covered with undergrowth and timber of considerable age, indicating that the clearing and the house had been made and built many years ago. S. L. Beaty, a brother of P. A. Beaty, testified to the same effect as his brother. The suveyor, S. V. Brents, testified that the Beaty land is not included in the Helm 400-acre patent, save as to the small overlap mentioned. He further testified that he and the surveyor who died attempted to locate the Helm 100-acre patent, but could find no evidence or indication of its location in this vicinity. This was all the evidence introduced by the plaintiffs. On the other hand, the witnesses for the defendant, Virgil Pyle, says that the 73-acre Beaty patent, besides overlapping the 400-acre Helm patent, is included within the 100-acre Helm patent. The witness, T. L. Young, testified that he knew where the Helm 100-acre patent was located and also where the ''standing rock in Keith's line,'' one of the calls in this Helm patent, was situated, it being a landmark in the community, and that when he was a boy there was a field cleared on the Helm 100-acre tract and a house built there, and that he was well acquainted with the Beaty patent and had seen the lines of it run, and

that most of it was inside the 100-acre Helm patent, that he had helped survey the 100-acre Helm patent and carried the chain. The witness, John Lester, gave evidence of similar import, as did also the witness Upchurch, whose testimony, however, was later withdrawn from the jury. It thus appears that we have positive testimony offered by the appellants to the effect that the Beaty patent was contained within the Helm 100-acre patent and no testimony to offset this except the vague testimony of the surveyor Brents that he was unable to locate the Helm patent in that vicinity. Waiving the question whether, in such state of case, appellants were entitled to a peremptory or not, we are clearly of the opinion that a verdict under such evidence to the effect that the Beaty patent was not included in the Helm 100-acre patent is clearly and flagrantly against the evidence. We are therefore of the opinion that the judgment must on this ground be reversed, which, being true, it will be unnecessary to consider whether or not the damages assessed on the first trial were excessive.

Some complaint is made of the instructions under which this case was submitted to the jury, but a careful reading of them convinces us that they succinctly stated the issues involved, and that the criticism of them is without merit. The court clearly was correct in excluding the testimony of Upchurch, since it was all based on hearsay and was not grounded on anything the witness personally knew.

For the reason indicated, the judgment is reversed, with instructions to grant the appellants a new trial in conformity with this opinion.